UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br>    Petitioner,<br>    v.<br>PEOPLE OF THE STATE OF CA,<br>    Respondent. | Case No. 18-01481 EJD (PR)<br>**ORDER OF DISMISSAL** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**DISCUSSION**

A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

It appears that the instant habeas petition is second or successive because Petitioner filed a prior habeas petition in this Court, see Walker v. People of the State of CA, Case

No. 11-03177 EJD (PR), challenging the same state conviction for pandering (case no. 2219428) out of San Francisco County in 2016, for which he received a 12 years sentence. In that case, the Court granted Respondent's motion to dismiss the petition as untimely.[1] In the instant action, Petitioner raises similar claims to those raised in the first habeas action. (Pet. at 5.) Accordingly, this action is clearly a second or successive petition.

Before a second or successive petition may be filed in the district court, Petitioner must first obtain an order from the Ninth Circuit Court of Appeals authorizing this Court to consider a renewed challenge to his state conviction. See 28 U.S.C. § 2244(b)(3)(A). Petitioner has not presented such an order from the Ninth Circuit. Id. Accordingly, the instant petition must be dismissed in its entirety as second and successive.

## CONCLUSION

For the foregoing reasons, the instant petition for a writ of habeas corpus is **DISMISSED** without prejudice as second and successive. Petitioner may file another petition challenging the same state conviction in this Court **if he obtains the necessary order from the Ninth Circuit.**

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

///

---

[1] According to the last docket entry, the Ninth Circuit acknowledged receipt of Petitioner's notice of appeal and request for a certificate of appealability. See Walker v. People of the State of CA, Case No. 11-03177 EJD (PR) (Docket No. 53).

2

**IT IS SO ORDERED.**

**Dated:** 8/2/2018

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\HC.18\01481Walker_dism(sec.succ)

3